# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2016

Lyle W. Cayce
Clerk

JOHN LITTLE; WENDY LITTLE,

      Plaintiffs - Appellants

v.

PADRAIC OBRYAN; CAROLYN TIBILETTI; SHERRY CARSON,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3089

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Pro se plaintiffs John and Wendy Little sued three Texas state employees in their individual capacities. The employees ("Defendants") were allegedly involved in suspending John's state-issued electrician license for failing to pay child support. The employees moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The district court granted the employees' 12(b)(6) motion and entered a Rule 54(b) judgment. The Littles timely appealed. After

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11064

reviewing the parties' briefing, the record, and the applicable law, we find no reversible error and **AFFIRM**.

## BACKGROUND

Beginning March 13, 2013, and continuing at least through September 23, 2014, John failed to pay his monthly court ordered child support. On February 23, 2014, John received notice that the Office of the Attorney General of Texas (the "OAG") was requesting that his Master Electrician's license not be renewed and advising him to contact the OAG to avoid nonrenewal. Between February 23, 2014 and June 24, 2014, the Littles did not contact the OAG regarding a payment arrangement to satisfy past due child support and obtain a release. John's license expired on June 24, 2014.

The Littles sued under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, contending that their constitutional rights were violated when Defendants suspended John's electrician license after he fell in arrears on paying child support, and challenging provisions of the Texas Family Code as unconstitutional. The Littles' complaint alleged that they were denied due process and equal protection of the laws, and also that they were retaliated against for filing suit. The district court dismissed the lawsuit based on Defendants' qualified immunity and because the Littles failed to state a plausible constitutional claim regarding the challenged sections of the Texas Family Code. This appeal followed.

## STANDARD OF REVIEW

"We review *de novo* motions to dismiss and motions for judgment on the pleadings. The standard is the same for both. Viewing the facts as pled in the light most favorable to the nonmovant, a motion to dismiss or for a judgment on the pleadings should not be granted if a complaint provides enough facts to state a claim to relief that is plausible on its face." *Jebaco, Inc., v. Harrah's*

2

No. 15-11064

*Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2003) (internal citation and quotation marks omitted).

## DISCUSSION

The Littles raise a bevy of claims. A number of those claims, however, are unrelated to the district court's order on appeal. Below, we discuss the primary basis for the district court's dismissal—qualified immunity—and address the relevant claims—the Littles' equal protection and procedural due process claims under § 1983, their conspiracy equal protection claim under § 1985(3), their First Amendment retaliation claim, and their challenge to the constitutionality of various Texas Family Code statutes.

### A. Qualified Immunity

Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). To defeat a defendant's assertion of qualified immunity at the pleadings stage, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The plaintiff must also allege facts that show that the violation was objectively unreasonable, that is, a reasonable government official, in the light of clearly established law, would not have acted so.[1] *Anderson*, 483 U.S. at 639–40.

### B. Constitutional Claims

The district court found that the due process, equal protection, and retaliation claims against Defendants failed because the Littles' speculative

---

[1] "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity[.]" *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).

and conclusory allegations did not identify specific conduct which could be interpreted as a violation of the their constitutional rights. Therefore, the district court concluded that Defendants were entitled to qualified immunity. Based on our review of the record, we agree with the district court's opinion and affirm the dismissal of the claims against Defendants based on qualified immunity.

## C. Texas Statutes

The Littles challenge the constitutionality of the Tex. Fam. Code §§ 232.0135, 157.263, and 154.068. As held above, the Littles have not alleged any basis for concluding that Defendants' conduct in applying the above-referenced statutes was unconstitutional. Aside from Defendants' alleged unconstitutional conduct under the color of state law, the Littles offer no other basis for holding that the challenged statutes are unconstitutional. Accordingly, the district court did not err in dismissing the Littles' complaint for failure to state a plausible claim for relief.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.